## McKIERNANN v GRIMM et

Ohio Appeals, 1st Dist, Hamilton Co

No 3236.   Decided Dec 31, 1928

Simon L Leis, Cincinnati, for McKiernann.
Bolsinger & Black, Cincinnati, for Grimm.

**254**

HAMILTON, PJ.

It appears from the evidence that the lots in question corner at the rear. The evidence is conclusive that there was a depression or natural water course flowing across the rear of the defendants' lot, estimated at from 3 to 5 feet in depth, and several feet across, in which after a rainfall the water was carried away.

It is also clear from the evidence that the defendants filled a part of this natural water course and constructed the rear end of their garage over the same, placing a concrete pillar support to the garage in about the center of the water course. That this obstructed the natural flow of the water there can be no question. The plaintiff has introduced evidence to show that during a rainfall, the water was diverted by the fill and the garage, and was forced into the basement cellar door, which was a few feet lower than the ground surrounding.

The plaintiff has, therefore, established her case, and, unless there is some rule of law preventing the relief on the part of the court, the injunction must be granted.

It is argued by counsel for the defendants, the appellants here, that there is a different rule as to serviency on the question of the flow of vagrant water where it is a situation of town lots. Counsel cite the case of **Brown v. Krody,** a Nisi Prius case, decided by Judge Matthews, February, 1921, and reported in **Vol. 19, Ohio Law Bulletin, page 506.** That case, however, if it is an exception to the general rule does not present a case under a state of facts presented here. In that case, the proposition was the grading of a city lot, and the filling of some depressions, which incidentally increased the flow or surface water onto the adjacent lot. This was a mere incident to a general improvement. The rule is the one stated in the case of **Butler v. Peck, 16 Ohio St. 334.** At page 342 of the opinion, the court says:

> "The principle seems to be established and indisputable, that where two parcels of land, belonging to different owners, lie adjacent to each other, and one parcel lies lower than the other, the lower one owes a servitude to the upper, to receive the water which naturally runs from it, provided the industry of man has not been used to create the servitude."

The facts do not present a question of servitude. It will be noted that the plaintiff's lot, as heretofore stated, was higher than the defendants' lot. The servitude was in fact upon the defendants, lot and had we not the situation of a natural water channel, and the defendants had filled their lot, so as to create the burden, it would in effect be the creating of a servitude by defendants, on a lot which was naturally dominant. This would entitle plaintiff to relief. But in this case we have the situation presented of a natural water course or channel across the rear of the defendants' lot, obstructed by the defendants, thereby diverting the water onto plaintiff's property, causing the damage complained of. We state the proposition to show that the case of Brown v. Krody, supra, and the cases cited in the brief are not in point.

We, therefore, hold that under the facts of this case and the law applicable, the plaintiff is entitled to the relief prayed for in her petition, and a like decree to that entered below will be entered here.

Cushing and Ross, JJ, concur.